IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-71,870-01 AND WR-71,870-02






EX PARTE WILLIAM HOWARD NELSON, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 08F0195-202-A AND 07F228-202-A 


IN THE 202ND DISTRICT COURT FROM BOWIE COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two
aggravated assault offenses and sentenced to 60 years' imprisonment and 30 years' imprisonment,
respectively. 

 Applicant contends that trial counsel rendered ineffective assistance because counsel failed
to timely file notices of appeal even though counsel knew that Applicant desired to appeal. 
Applicant alleges that counsel requested that the court appoint a different attorney to represented
Applicant on appeal. However, the court did not appoint appellate counsel until October 30, 2008,
at which time the deadlines to file notices of appeal had already passed in both cases. Applicant
alleges that trial counsel was his attorney according to official court records at the time the notices
of appeal were supposed to be filed. Applicant alleges that he was deprived of his right to appeal
in these cases because of counsel's failure to timely file notices of appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d) to resolve the fact issues. In the appropriate case, the trial court may rely on its personal
recollection. Id. The trial court shall give trial counsel an opportunity to respond to Applicant's
allegations by ordering counsel to file an affidavit. Trial counsel's affidavit shall address the
following: (1) whether counsel believed that Applicant desired to appeal, and, if so, shall detail the
basis for counsel's belief; (2) whether counsel filed a motion to withdraw and, if so, when counsel
filed the aforementioned motion; (3) whether counsel was aware of the applicable deadlines to file
notices of appeal in these cases and, if so, why counsel failed to timely file notices of appeal; and,
(4) whether counsel believed that the trial court had appointed a different attorney to represent
Applicant on appeal at the time the notices of appeal were due and, if so, shall detail the basis for
counsel's belief. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right to 
appeal in these cases because trial counsel failed to file timely notices of appeal. Specifically, the
trial court shall make findings of fact as to whether counsel believed that Applicant desired to appeal,
and, if so, shall detail the basis for counsel's belief. The trial court shall make findings of fact as to
whether counsel filed a motion to withdraw and, if so, when counsel filed the aforementioned
motion. The trial court shall make findings of fact as to whether counsel was aware of the applicable
deadlines to file notices of appeal in these cases and, if so, why counsel failed to file timely notices
of appeal. The trial court shall make findings of fact as to whether counsel believed that the trial
court had appointed a different attorney to represent Applicant on appeal at the time the notices of
appeal were due and, if so, shall detail the basis for counsel's belief. The trial court shall review its
records and make findings of fact as to whether counsel filed a motion to withdraw and, if so, when
counsel filed the aforementioned motion. The trial court shall make findings of fact as to whether
the court had allowed counsel to withdraw at the time the notices of appeal were due. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
copies of all motions to withdraw or motions for substitution of counsel, all affidavits and
interrogatories, or the transcription of the court reporter's notes from any hearing or deposition,
along with the trial court's supplemental findings of fact and conclusions of law, shall be returned
to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from
this Court. 

Filed: April 29, 2009

Do not publish